IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 NOV -3  P 12: 08

CLERK _____
SO. DIST. OF GA.

| | |
|---|---|
| JIM RYAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 106-136 |
| ) | |
| VETERANS ADMINISTRATION ) | |
| MEDICAL CENTER, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis* ("IFP"), filed the above-captioned 42 U.S.C. § 1983 complaint. (Doc. no. 1). Because an initial review of Plaintiff's complaint revealed that he failed to set forth sufficient information for this Court to determine whether he stated a viable claim for relief, the Court ordered Plaintiff to amend his complaint to correct the deficiencies. (Doc. no. 5). Plaintiff has now filed an amended complaint with the Court. (Doc. no. 6). As Plaintiff's amended complaint was filed IFP, it must be screened to protect potential defendants. See Phillips v. Marshburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous, malicious, or that fails to state a claim upon which relief may be

granted. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). For the reasons explained below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's claims be **DISMISSED** for failure to state a claim upon which relief can be granted and that this case be **CLOSED.**

## I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff has brought this action against Defendant Veterans Administration Medical Center. In his amended complaint, Plaintiff states: "(1) wrongful [surgery] VA Hospital Freedom Way Augusta[,] GA 2001[,] (2) [cruelty] VA Hospital Freedom Way Augusta[,] GA 2001-03[,] (3) Biopsy VA Hospital Freedom Way Augusta[,] GA 2001 (April)[,] [and] (4) unauthorize[d] surgery 2001."[1] (Doc. no. 6, p. 3). Plaintiff seeks $18 million for medical mistreatment. (Id. at 4).

## II. DISCUSSION

First, Plaintiff's complaint is deficient because Plaintiff has named the institution of "Veterans Administration Medical Center" as a Defendant, which is improper. Stated otherwise, the complaint improperly names the entire institution, rather than individuals as being responsible for infringing upon his constitutional rights. Although the Court recognizes that Plaintiff is proceeding *pro se* and would generally give him an opportunity to attempt to cure his pleading deficiencies by amending his complaint, requiring Plaintiff

---

[1] The Court notes that these statements are almost identical to the statements Plaintiff indicated in his original complaint. (See doc. no. 1, ¶ 3).

2

to amend his complaint to correct this deficiency would be futile because Plaintiff has already been given the chance to amend and he failed to follow the Court's Order. See Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262-63 (11th Cir. 2004) (explaining that leave to amend should be freely given, but is properly denied when any amendment would be futile).

Moreover, even if Plaintiff had listed proper Defendants in his amended complaint, Plaintiff has again failed to allege facts that would indicate a violation of his constitutional rights. Although the Federal Rules of Civil Procedure set forth a liberal standard of notice pleading,[2] a complaint is deficient if it does not contain sufficient information for this Court to determine whether Plaintiff has stated a viable claim for relief. In his amended complaint, Plaintiff only listed wrongful surgery, cruelty, biopsy, and unauthorized surgery with years and what the Court assumes to be Plaintiff's attempt to list Defendant's address. This information is not sufficient for the Court to determine if Plaintiff has stated a viable claim for relief. Accordingly, Plaintiff's amended complaint should be dismissed.

---

[2] The Federal Rules of Civil Procedure provide:

> [a] pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a).

3

## III.  CONCLUSION

Based on the foregoing reasons, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's claims be **DISMISSED** for failure to state a claim upon which relief can be granted and that this case be **CLOSED.**

SO REPORTED and RECOMMENDED this 3rd day of November, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE